WILLIAM SCHROEDER, use, etc.,

v.

TRADE INSURANCE COMPANY.

1. FAILURE TO SHOW TERM OF INSURANCE.—The stipulation in this case shows that the policy was issued December 3, 1878, but is entirely silent as to the term of the insurance. It was incumbent upon plaintiff to show that the policy was in force December 17, 1878, the day of the loss. As plaintiff, so far as appears by the record before this court, has wholly failed to show this, the court is unable to say that the court below erred in finding the issues for the defendant.

2. INSURANCE—EVIDENCE AS TO VALUE.—The fact that defendant insured plaintiff's property for $500, was no evidence as to its value, there being no pretense that the policy was a valued one. The contract of insurance is a contract of indemnity, and where it does not appear that plaintiff has lost anything of value, he is not entitled to recover any indemnity of defendant, at least beyond a nominal sum.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.   Opinion filed April 24, 1883.

Mr. H. H. ANDERSON, for appellant; that where the existence of a particular subject-matter or relation has once been proved, its *continuance* is presumed until proof to the contrary be given, cited Starkie on Ev. (10th ed.) 760; 2 Best on Ev. § 405; Eames v. Eames, 41 N. H. 177; Farr v. Farr, 40 Pa. 615; Bell v. Young, 1 Grant's (Pa.) Cases; Brown v. Burnham, 28 Me. 38; Irvine v. Irvine, 5 Minn. 61; M. & W. Plank Road v. Webb, 27 Ala. 618; 2 Wharton on Ev. 1284, 1286, 1289; 1 Wood on Fire Ins. 4; 1 Greenl. on Ev. § 41; Sullivan v. Goldman, 19 La. An. 12; Barrelli v. Lytle, 4 La. An. 558.

As to what a court will take judicial notice of: 1 Greenl.

on Ev. § 6; Starkie on Ev. (10th ed.) 735; Soloman v. The State, 28 Ala. 83.

Whenever a breach of an agreement or an invasion of a right is established, the law infers some damage to the plaintiff: Sedgwick on Damages, (7th ed.) 71, 81; Lord Holt in 2d Lord Rayne, 955; McAneary v. Jewett, 10 Allen (Mass.), 151; Rosenbaum v. McThomas, 34 Ind. 331; Burnap v. Wright, 14 Ill. 301; McConnell v. Kibbe, 33 Ill. 175; Cowley v. Davidson, 10 Minn. 395; Pontifex v. Rignold, 3 Scott, N. R. 390.

Mr. H. H. C. MILLER, for appellee; that a warranty by the assured in relation to the existence of a particular fact must be strictly true, or the policy will not take effect, cited Battles v. York Co. M. F. I. Co. 41 Me. 208; Loehner v. Home Mut. Ins. Co. 17 Mo. 247.

If the answer given to the inquiry in the application as to incumbrances is false, there is a breach of warranty on the part of the assured: Cox v. Ætna Ins. Co. 29 Ind. 586; Davenport v. N. E. Mut. Fire Ins. Co. 6 Cush. 340; Howard v. N. E. Mut. Fire Ins. Co. 10 Cush. 444; Brown v. People's Mut. Ins. Co. 11 Cush. 280; Draper v. Charter Oak Fire Ins. Co. 2 Allen, 569; Patten v. M. & F. Mut. Fire Ins. Co. 38 N. H. 338; Packard v. Ins. Co. 3 Gray, 334; Town v. Fitchburg Mut. Fire Ins. Co. 7 Allen, 51.

An incumbrance once proved to have existed is presumed to continue unless payment, or some other discharge be either proved or established by circumstances: Best on Ev. §§ 42, 405-407; Greenl. on Ev. §§ 1229, 1284; Brown v. King, 5 Met. 173; Farr v. Payne, 40 Vt. 617; Leport v. Todd, 32 N. J. Law, 129; Bell v. Young, 1 Grant (Pa.), 175; Murphy v. Orr, 32 Ill. 489; Norton v. Joy, 6 Bradwell, 406.

In a pleading at law everything which is not denied is by implication admitted: Hopkins v. Medley, 97 Ill. 415; Rose v. Taunton, 119 Mass. 100.

As to warranty: Wall v. East River Ins. Co. 7 N. Y. 370; Ripley v. Ætna Ins. Co. 30 N. Y. 136; Cox v. Ætna Ins. Co.

29 Ind. 586;  Draper v. Charter Oak Ins. Co. 2 Allen, 569; Cooper v. Farmers Ins. Co. 50 Penn. 299.

BAILEY, P. J.  This was an action of assumpsit brought by the appellant against the appellee, to recover for a loss under a policy of insurance against fire.  The trial which was had before the county court without a jury, resulted in a finding and judgment for the defendant, and the plaintiff brings the case to this court by appeal.

Neither the pleadings nor the proofs heard at the trial are embodied in the record, but in lieu thereof the parties have brought to this court an agreed statement of the pleadings and facts, and on the case thus presented we are asked to reverse the judgment.

It is admitted that the plaintiff filed a proper declaration, and that the defendant pleaded the general issue and a special plea setting up a warranty against incumbrances on the property insured and its breach.  It is also admitted, in substance, that the defendant by its policy of insurance dated December 3, 1878, insured certain property belonging to the plaintiff against loss or damage by fire, in the sum of $500;  that said policy contained a provision making a certain application for insurance by the plaintiff to another insurance company bearing date February 2, 1878, a part of the policy and a warranty on the part of the assured;  that said application contained a statement that the property was unincumbered;  that on the 11th day of July, 1878, the plaintiff had executed a chattel mortgage on said property to one Thomas Richter, to secure the plaintiff's promissory note of that date and maturing two years thereafter;  and that on the 17th day of December, 1878, the property described in the policy was destroyed by fire.

No questions of law are presented by the record or argued by counsel except such as arise upon the facts embodied in the stipulation.  Upon those facts alone the plaintiff's right to recover must be determined, and if they fail to establish such right, the judgment of the court below should be affirmed.

The stipulation shows that the policy was issued December

3, 1878, but it is entirely silent as to the term of the insurance. Whether it was to run for a day, a week, a month or a year, or for any other period definite or indefinite can not be ascertained from anything appearing in the stipulation or elsewhere in the record. All that is said is, "that the defendant, by its policy dated December 3, 1878, insured said property against loss or damage by fire in the sum of $500." It was incumbent on the plaintiff to show that said policy was in force on the 17th day of December, 1878, the day of the loss. This, so far as appears by the record before us, he wholly failed to do, and we are therefore unable to say that the court below erred in finding the issues for the defendant. · Again, there is no stipulation as to the value of the property at the time of the loss, or that said property was of any value whatever, nor does the record contain any evidence on that subject. The fact that the defendant insured said property for $500, was no evidence as to its value or that it was of any value, there being no pretense that the policy was a valued policy. Standard Fire Ins. Co. v. Wren, 11 Bradwell, 242. The contract of insurance is a contract of indemnity, and as it does not appear that the plaintiff has lost anything of value, it is difficult to see how he can be entitled to recover any indemnity of the defendant, the insurer, at least beyond a nominal sum. As we can perceive no error in the record as made up and certified to this court, the judgment will be affirmed.

Judgment affirmed.